IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jamie Michalak** | ) | **CASE NO: 1:13-cv-2489** |
| 6533 Sherborn Road | ) | |
| Parma Heights, OH  44130 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LVNV Funding, LLC** | ) | **JURY TRIAL DEMANDED** |
| CSC-Lawyers Incorporating | ) | |
| Service, Statutory Agent | ) | |
| 50 W. Broad St., Suite 1800 | ) | |
| Columbus, OH 43215 | ) | |
| | | |
| Defendant. | | |

**CLASS ACTION COMPLAINT**

NOW COMES PLAINTIFF, **JAMIE MICHALAK,** by and through the undersigned counsel, and for her complaint against Defendant **LVNV Funding, LLC ("LVNV"),** alleges and states as follows:

**INTRODUCTION**

1. This is a class action lawsuit brought by Plaintiff JAMIE MICHALAK, an individual consumer, against LVNV, seeking equitable and monetary relief to redress a persistent

pattern of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and specifically allows consumers to file class action causes of action.

## VENUE AND JURISDICTION

2. The action arises under 15 U.S.C. §1692, a federal statute, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1337 and 28 U.S.C. §1331.

3. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that LVNV transacts business in this District and the cause of action asserted herein arose in this District.

## PARTIES

4. Ms. Michalak is, and was at all relevant times herein, a resident of Cuyahoga County, Ohio.

5. Ms. Michalak is a "consumer" as that term is defined under the FDCPA.

6. LVNV is a foreign corporate entity, which is registered to do business in Ohio, and which attempts to collect debts or otherwise obtain funds from Ohio consumers.

7. LVNV is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

8. On information and belief, LVNV claims to be the owner of a debt allegedly incurred by Ms. Michalak.

## FACTS

9. Beginning on or about May 2012, LVNV sent multiple dunning letters to Ms. Michalak by way of various agents.

10. In each dunning letter, LVNV claimed a different amount that was due.

11. The amounts claimed were inconsistent, erratic, and arbitrary.

12. LVNV had no right in contract or law to attempt to recover the amount claimed.

13. LVNV regularly and routinely attempts to collect amounts from Ohio consumers to which it is not entitled.

14. Such claims by LVNV are arbitrary, non-contractual, and/or illegal.

## CLASS ACTION CLAIM FOR RELIEF
(FDCPA Violations)

15. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

16. By engaging in the conduct described herein, LVNV has misrepresented the amount, nature, and/or character of the debts it has attempted to collect, dunned, and/or collected; and/or it has attempted to collect amounts to which it is not entitled by law or contract. This conduct violates the FDCPA pursuant, but not limited, to 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1).

17. Pursuant to the FDCPA and Civ. R. 23, Ms. Michalak brings this action on behalf of herself and all other persons similarly situated.

18. Ms. Michalak brings this action on behalf of herself and a class composed of all consumers who have been dunned by LVNV for amounts to which LVNV has not right in contract or law, for the one-year period preceding the date of filing of this complaint until the date of judgment hereof.

19. The proposed class numbers at least in the hundreds and is so numerous that joinder of all members would be impracticable.

20. The exact size of the proposed classes and the identity of the members thereof are readily ascertainable from LVNV's business records, most notably the dunning letters that it has sent.

21. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.

22. These questions include, whether LVNV dunned class members for arbitrary amounts for interest and fees to which it had no actual claim in contract or law.

23. Proof of a common set of facts will establish the liability of LVNV and the right of each member of the class to recover.

24. Ms. Michalak's claims are typical of those of the class she seeks to represent and she will fairly and adequately represent the interests of the class.

25. Ms. Michalak is represented by counsel who are competent and experienced in both consumer protection and class action litigation.

26. A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against LVNV, and would establish incompatible standards of conduct for LVNV.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

    A.      A declaratory judgment that the acts and practices of LVNV described herein violate the FDCPA;

    B.      A permanent injunction enjoining LVNV from this conduct;

    C.      Actual damages and/or disgorgement including but not limited to all amounts collected by LVNV on the debts of class members;

    D.      Statutory damages in the amount of one percent (1%) of the net worth of LVNV not to exceed $500,000 pursuant to 15 U.S.C.A. § 1692k;

    E.      Removal of any adverse credit information previously reported to credit reporting organizations for class members;

    F.      Costs and reasonable attorney's fees pursuant to the 15 U.S.C.A. § 1692k;

    G.      Such other and further relief as this Honorable Court deems proper.

Respectfully submitted,

s/ Lewis A. Zipkin_____
Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

        s/ Lewis A. Zipkin_____
        Lewis A. Zipkin (0030688)
        Markus Lyytinen (0088101)
        Zipkin Whiting Co., LPA
        3637 South Green Road, 2nd Floor
        Beachwood, OH 44122
        Phone (216) 514-6400
        Fax (216) 514-6406
        zfwlpa@aol.com


        s/ Michael L. Fine_____
        Michael L. Fine (0077131)
        3637 South Green Road, 2nd Floor
        Beachwood, OH 44122
        Phone & fax: (216) 292-8884
        mfine@ohioconsumerlawyer.com