IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jamie Michalak** | ) | **CASE NO: 1:13-CV-2489** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | |
| **LVNV Funding, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES PLAINTIFF, **JAMIE MICHALAK** ("Ms. Michalak")**,** by and through the undersigned counsel and submits her Brief in Opposition to Defendant **LVNV Funding, LLC's** ("LVNV") Civ. 12(B) Motion to Dismiss ("Motion").

**INTRODUCTION AND FACTS**

Ms. Michalak brought this class action lawsuit to seek equitable and monetary relief from LVNV for its pattern of violating the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (the "FDCPA"). Specifically, Ms. Michalak alleges that LVNV charged and/or attempted to collect from her and other Ohio consumers inconsistent, erratic, and arbitrary fees, fees which were unauthorized and unlawful.

In relevant part, Ms. Michalak's Complaint avers as follows:

1. Beginning on or about May 2012, LVNV sent multiple dunning letters to Ms. Michalak by way of various agents.
2. In each dunning letter, LVNV claimed a different amount that was due.
3. The amounts claimed were inconsistent, erratic, and arbitrary.
4. LVNV had no right in contract or law to attempt to recover the amount claimed.
5. LVNV regularly and routinely attempts to collect amounts from Ohio consumers to which it is not entitled.
6. Such claims by LVNV are arbitrary, non-contractual, and/or illegal.

With respect to Ms. Michalak, LVNV has been attempting to collect an alleged balance owing on a Best Buy retail credit account issued by HSBC. At one point, HSBC wrote off this account and sold it to a third party collector, after which the account appears to have been re-sold a number of times. LVNV claims to have eventually purchased this account.

As asserted in the Complaint, according to Ms. Michalak's recollection and records, LVNV **began** dunning her through various third-party debt collection agencies in May 2012. However, according to records submitted with its motion, LVNV appears to have **begun** its collection efforts at an earlier point in time. In her Complaint, Ms. Michalak does not aver that these efforts have ceased. Indeed, since 2012, Ms. Michalak has received collection letters from at least the following agencies: Nelson, Watson & Associates, LLC, Protocol Recovery Service, Inc., and Resurgent Capital Services, L.P. As substantiated by the attached Exhibit A, LVNV and its agents have continued sending Ms. Michalak dunning letters *at least* up and until June 21, 2013. Therefore, Ms. Michalak's Complaint, filed on November 8, 2013, is well within FDPCA's one-year statute of limitations.

The contents of LVNV's dunning letters are the core of this matter. In each letter, LVNV attempts to extract from Ms. Michalak a different amount allegedly owed. Importantly, these appear to vary in an arbitrary manner. Amounts charged for interest and fees do not correspond

...

with any consistent interest rate, or other rational basis. Hence, the dunned charges cannot be supported by any underlying agreement or legal premise.

Now, LVNV moves to dismiss the Complaint. In its Motion, LVNV argues that the Complaint must be dismissed for three reasons. First, LVNV contends that the one-year statute of limitations contained in the FDCPA has run on Ms. Michalak's claims. Second, LVNV claims that the balance on Ms. Michalak's account was not arbitrary, but rather, an accurate calculation based on the interest it charges, and which is displayed in the collection letters that its agents send to consumers like Ms. Michalak. Finally, LVNV contends that the FDCPA does not permit the grant of the injunctive and declaratory relief sought in the Complaint. For the reasons set forth below, all three arguments fail.

## STANDARD FOR MOTION DISMISS

As also noted in LVNV's Motion, this Honorable Court is well-aware of the legal standard for motions to dismiss. In reviewing a 12(B) motion to dismiss, the Court must construe the complaint in light most favorable to the plaintiff and accept all factual allegations as true. *See Harbin-Bey v. Rutter*, 420 F. 3d, 571, 575 (6th Cir. 2005). A plaintiff need only plead enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a plaintiff's complaint must merely contain factual allegations that, on their face, make a claim for relief plausible. See *Bell Atlantic Corp. v. Twombly* 550 U.S. 555, 570.

## ARGUMENT

I.  **MS. MICHALAK'S CLAIM WAS BROUGHT WITHIN THE STATUTE OF LIMITATIONS**

LVNV's primary argument is that Ms. Michalak's claim is barred by FDCPA's one-year statute of limitations. *See* Motion to Dismiss, pp. 1, 4, and 5. LVNV bases this claim on the date

that Ms. Michalak avers that she **began** to receive the dunning letters, as well as the dates that are contained in the *cherry-picked* sampling of collection letters that LVNV has attached to its Motion. Because the collection letters that it selected to be included in its Motion date to the summer of 2012, LVNV argues that the FDCPA's one-year statute of limitation expired around the summer of 2013. Accordingly, LVNV claims that Ms. Michalak's Complaint, filed in November of 2013, is untimely. *See* 15 U.S.C. § 1692k(d).

This argument is specious at best, and at worst, a serious misrepresentation of the facts by LVNV and its counsel in violation of Civ. R. 11 and the rules of professional ethics. Contrary to its contentions in the Motion before this Court, LVNV has continued sending dunning letter to Ms. Michalak well after the summer of 2012. As LVNV surely knows, it has sent Ms. Michalak collection letters as recently as on May 2, 2013 and June 21, 2013. *See* attached Exhibit A.

In what may be a serious breach of its duty of candor to this Court, LVNV has omitted all reference to these recent letters from its Motion. That is, not only did LVNV fail to attach any of these collection letters to its Motion, but it failed to mention their very existence. This omission has allowed LVNV to argue that Ms. Michalak's Complaint violated the statute of limitations and forced the plaintiff to spend time to respond to a completely frivolous argument. Nonetheless, even a cursory review of this omitted evidence clearly establishes that Ms. Michalak's Complaint is timely.

Ms. Michalak has offered evidence that LVNV's unlawful conduct **continued well into 2013**. Therefore, construing the pleadings (and the evidence) in a manner favorable to the Plaintiff, Ms. Michalak has certainly plead sufficient allegations, which on their face (that LVNV **began** sending unlawful dunning letters to Ms. Michalak in 2012), establish her claim for relief

4

as being within the statute of limitations period – which, as the facts demonstrate, is also the actual truth.

## II. THE AMOUNTS LVNV CHARGED TO MS. MICHALAK'S ACCOUNT WERE ARBITRARY AND THEREFORE A VIOLATION OF THE FDCPA

As a second ground for its Motion, LVNV argues Ms. Michalak's Complaint fails to state a plausible cause, "because interest accrued on the Plaintiff's Debt and Plaintiff was advised of the interest accrual on her account." See section heading, Motion, p. 5.

First and foremost, LVNV's argument fails *out-of-hand*, because it attempts to have the Complaint dismissed on factual grounds, which is wholly inappropriate for a 12(b) motion.

More than that, the fallacies of LVNV's argument are revealed in its mischaracterization of the averments in the Complaint, the misleadingly cherry-picked letters, and the bombastic language by which LVNV attacks Ms. Michalak. Using hyperbolic phrases like "frivolous misinterpretations or nonsensical interpretations" and "we disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations" (repeated three times), and "there comes a point where this Court should not be ignorant as judges of what we know as men," LVNV attempts to raise the ire of the Court, rather than address the plain language of Ms. Michalak's Complaint. Furthermore, by claiming that Plaintiff raised "infirm" and "unsupported conclusion[s]" and condescendingly stating that "Plaintiff cannot suddenly erase her memory of the interest accrual," LVNV attempts to shoot the messenger, rather than address the message in her Complaint.

The substance of LVNV's argument is that it did not violate the FDCPA because it charged Ms. Michalak interest and it did not misrepresent this charge. The problem with this argument is that Ms. Michalak does not claim a cause of action based on such a misrepresentation. LVNV's misreads or misquotes the Complaint. Ms. Michalak specifically avers that:

5

- LVNV sent multiple dunning letters to Ms. Michalak by way of various agents.
- In each dunning letter, LVNV claimed a different amount that was due.
- The amounts claimed were inconsistent, erratic, and arbitrary.

Thus, contrary to LVNV's rephrasing of her averments, Ms. Michalak does not claim that LVNV failed to inform her that it was charging her interest, or that it was misrepresenting some other fact to her. Rather, Ms. Michalak quite clearly avers that LVNV by way of *multiple* agents (not just the single agent that LVNV references in its Motion) dunned her for amounts which were inconsistent and arbitrary. In other words, the issue is not whether LVNV charged interest, but whether the amounts charged were accurate and allowed by contract or law. Certainly, nothing in the letters attached to the Motion or attached hereto as Exhibit A gives any hint as to the legal or contractual basis upon which LVNV was tacking on interest, and nothing in those letters provides a basis for understanding the method of calculation. To the contrary, the amounts sought appear on their face to be arbitrary and capricious[1] - hence, this lawsuit and the sufficiently detailed averments in the Complaint.

Because Ms. Michalak's account balance cannot be explained by the application of interest or any other lawful rationale, LVNV necessarily used arbitrary and false fees that violate the FDCPA pursuant, but not limited, to 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1).

This analysis returns to the opening point. To the degree that LVNV might have an explanation for the amounts it charged to Ms. Michalak and other members of the class, LVNV will have its day in Court to make its factual case and argument. However, its attempt to do an

---

[1] In fact, neither the undersigned, nor the CPA retained by Plaintiff to be an expert in this matter, could decipher the methodology that LVNV used to arrive at the figures that it claimed Ms. Michalak owed. But, again, this is issue of fact to be argued after discovery – not in the context of a 12(B) motion to avoid answering the Complaint.

6

end run around the legal process, by raising what is truly a factual argument (while intentionally omitting facts/letters) in the guise of a 12(B) motion, which mischaracterizes the subject of the Complaint and attacks Ms. Michalak personally, is highly inappropriate. As such, LVNV's Motion should be denied.

### III. PLAINTIFF'S COMPLAINT SEEKS RELIEF PROVIDED BY THE FDCPA

As its final argument, LVNV seeks *partial* summary relief as to Ms. Michalak's prayer for declaratory judgment and injunctive from the Court. LVNV argues that because the FDCPA does not contain an explicit provision offering declaratory judgment or injunctive relief, Ms. Michalak cannot petition the Court for these remedies under the act. Motion at 9-11.

Preliminarily, as LVNV notes, the Sixth Circuit has not ruled on the issue. Motion, p. 9. Therefore, Ms. Michalak contends that most appropriately, this Court should not rule on this issue at this time. Rather, it should hold this issue in abeyance until the conclusion of this matter. Indeed, a ruling on this matter now will have no effect on the course of proceedings through discovery or the rendering of judgment on liability. Thus, it would be more appropriate to review this issue of appropriate remedy at the time of final disposition. As such, it seems obvious that the sole reason for LVNV's raising of this matter now is to delay proceedings.

Regarding the merits of LVNV's argument, while it is true that the FDCPA does not explicitly allow for declaratory or injunctive relief, the FDCPA also <u>does not</u> prohibit these remedies. Further, precisely because the Sixth Circuit has not ruled on this issue, this Court should follow the established rule regarding the power of the Federal judiciary to grant equitable remedies. As held in *Sierra Club, Lone Star Chapter v. Federal Deposit Ins. Corp*., that without "the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." 992 F.2d 545, 548. With respect

to declaratory relief in a class action setting, courts often see this as the best form of relief in FDCPA cases. *See* National Consumer Law Center, Fair Debt Collection, (7th Ed. 2011), Vol. One, §6.2.2.3, p. 358 *citing e.g*. *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313 (N.D. Ill. 1995). However, even regarding injunctive relief, this Court should have the power to grant the remedy it deems appropriate after hearing the entire case. *See Bolin v. Sears, Roebuck & Co*., 231 F. 3d 970, 977 (5th Cir. 2000), *Lopez v. GMAC Mortgage Corp*., 2007 WL 4357628 (N.D. Cal. 2007).

For these reasons, LVNV's third argument for the *partial* rendering of judgment with respect to available remedies should be denied as this time.

## CONCLUSION

Based on the foregoing, Ms. Michalak respectively requests that this Honorable Court **deny** LVNV's Motion.

Respectfully submitted,

/s/ Lewis A. Zipkin_____
Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH 44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH 44122
Phone & fax: (216) 292-8884
mfine@ohioconsumerlawyer.com

## **CERTIFICATE OF SERVICE**

    Notice of this filing will be sent to parties by operation of the Court's ECF electronic filing system.

        Respectfully submitted,

        s/ Michael L. Fine_____
        Michael L. Fine (0077131)
        3637 South Green Road, 2nd Floor
        Beachwood, OH 44122
        Phone & fax: (216) 292-8884
        mfine@ohioconsumerlawyer.com