UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE MICHALAK, | ) | CASE NO. 1:13 CV 2489 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant | ) | |

This matter comes before the Court upon Defendant LVNV Funding, LLC's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF #11).

On November 8, 2013, Plaintiff Jamie Michalak filed a Complaint in this Court, asserting one claim – an alleged violation of the Fair Debt Collection Practices Act (hereinafter FDCPA), 15 U.S.C. § 1692. (ECF #1). She contended that, beginning on or about May 2012, Defendant sent multiple dunning letters to her.[1] (ECF #1, ¶ 9). Each letter detailed a different due amount, and Plaintiff claimed that the amounts were "inconsistent, erratic, and arbitrary." (ECF #1, ¶¶ 9-11). Plaintiff then averred that Defendant "had no right in contract or law to attempt to recover the amount claimed," and alleged that Defendant's conduct was in violation of the FDCPA. (ECF #1, ¶ 16). She purported to bring the instant action as part of a class "composed of all consumers []

---

[1] Plaintiff does not describe the number of debts incurred or when they were incurred. On its face, her Complaint suggests that Defendant's conduct arose from a single debt, incurred "on or about May 2012."

dunned by [Defendant] for amounts to which [Defendant] has not [sic] right in contract or law." (ECF #1, ¶¶ 17-19).

In its Motion, Defendant sets forth three alternate grounds on which this Court should grant dismissal, contending that: (1) Plaintiff Jamie Michalak's claim is time barred; (2) Plaintiff does not state a plausible claim for relief; and (3) Plaintiff seeks relief that is unavailable under the Fair Debt Collection Practices Act. (ECF #11-1). In opposition, Plaintiff avers that her claim is not time barred because Defendant LVNV's collection efforts qualify as a continuing violation for the purposes of the one-year statute of limitations under the FDCPA. She also challenges Defendant's explanation for the varying due amounts (that the debt increased due to the accrual of interest owed) and insists that the amounts claimed were "inconsistent, erratic, and arbitrary." (ECF #13).

For the reasons that follow, and despite Plaintiff's objections, Defendant's Motion to Dismiss is hereby GRANTED.

## STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a Motion to Dismiss, this Court must construe the complaint in the light most favorable to the plaintiff, accept her factual allegations as true, and draw reasonable inferences in her favor. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court need not, however, accept a complaint's allegations as true based on "threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Gregory v. Shelby Cnty.*, 220

F.3d 433, 446 (6th Cir. 2000) (court need not accept conclusions of law or unwarranted inferences cast in the form of factual allegations).

In order to survive dismissal, a Complaint must provide the grounds of the entitlement to relief – that is, factual allegations enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, under Rule 12(b)(6), this Court's inquiry is limited to the content of the Complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be considered. *See, e.g., Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendant LVNV Funding, LLC, here moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF #11). Plaintiff Jamie Michalak opposes Defendant's Motion. (ECF #13).

**1. Statute of Limitations**

Defendant first contends that Plaintiff's claim is barred by the one-year statute of limitations under the Fair Debt Collection Practices Act (hereinafter FDCPA), 15 U.S.C. § 1692. That statute provides, in relevant part:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States [D]istrict [C]ourt without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which

the violation occurs.

*See* 15 U.S.C. § 1692k(d). Accordingly, in support of its Motion to Dismiss, Defendant has included as exhibits letters from a Nelson, Watson & Associates, LLC, to Plaintiff regarding her outstanding debt. (ECF #11-2). The letters are dated December 14, 2011, January 24, 2012, and May 14, 2012, respectively. (ECF #11-2). Plaintiff filed the instant Complaint on November 8, 2013. (ECF #1). Defendant argues that all of the letters from the collection firm were sent to Plaintiff prior to November 8, 2012, and that Plaintiff's claim must be time barred for that reason.

In direct contrast, Plaintiff asserts that Defendant continued sending dunning letters to her "well after the summer of 2012 ... [including] as recently as [] May 2, 2013, and June 21, 2013." (ECF #13). Plaintiff contends that these letters constitute continuing violations and thus allow the statute of limitations period to begin afresh with every letter received.

There is some disagreement among the District Courts over the issue of continuing violations as it relates to FDCPA's statute of limitations period. *Cf. Ellis v. Gen. Rev. Corp.*, 274 F.R.D. 53 (D.Conn.2011) (each of debt collector's letters was new, discrete misrepresentation of the loan program for purposes of FDCPA's statute of limitations); *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326 (D.N.J.2009) (course of litigation in debt collector's collection lawsuit was not in itself a continuing violation of FDCPA for statute of limitations purposes). But consensus over the *type* of violation applicable to a continuing violation theory under FDCPA is broad. *See Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219 (D.Minn.2007) (statements based on status of debt were all new communications concerning an old claim and thus did not start a fresh statute of limitations period); *see also Wilhelm v. Credico, Inc.*, 455 F. Supp. 2d

1006 (D.N.D.2006) (limitations period not extended by defendant's continued reporting of the debt to credit reporting agency). Where there are so-called continuing violations, the theory goes, each new communication begins a fresh statute of limitations period for the claim. New communications concerning an old claim, however, do not start a new period. *See Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y.1999); *see also Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M.2000). Given the present facts, Plaintiff's claim in the instant case is in fact time barred and must therefore fail.

**2. Other Issues Raised**

Because this Court has determined that Plaintiff's sole claim is barred by the relevant statute of limitations, it need not address other issues raised by either party.

### CONCLUSION

In light of the foregoing, Defendant LVNV Funding, LLC's Motion to Dismiss is hereby GRANTED. This action is terminated.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 23, 2014