IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jamie Michalak** | ) | **CASE NO: 1:13-CV-2489** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | |
| **LVNV Funding, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION PURSUANT TO FRCP 59(e) TO RECONSIDER/AMEND THE COURT'S ORDER GRANTING DEFENDANT'S 12(B) MOTION TO DISMISS**

NOW COMES PLAINTIFF, **JAMIE MICHALAK** ("Ms. Michalak")**,** by and through the undersigned counsel and, pursuant to FRCP 59(e) moves this Court to reconsider/amend its order granting Defendant **LVNV Funding, LLC's** ("LVNV") motion to dismiss on the basis that said order conflicts with the law of the Sixth Circuit. *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488 (*unpublished* decision attached as an exhibit hereto, *see* FRAP 32.1).

## **BRIEF IN SUPPORT**

On April 24, 2014, this Court dismissed this action based on a legal proposition related to the statute of limitations *that was not raised by LVNV*.

Initially, LVNV filed a motion to dismiss that intentionally omitted facts in order to claim that it had not engaged in any actionable conduct within the one-year limitations period. In response, consistent with her pleading, Ms. Michalak demonstrated that LVNV had in fact sent dunning letters within the one-year period immediately preceding the filing of her FDCPA claim.[1] In reply, LVNV then admitted conduct during the statutory period, but asserted a factual argument *inappropriate to a 12(B) motion* that Ms. Michalak's FDCPA claim could not be proven by this conduct. LVNV wrote, "the Plaintiff has exactly two letters from 2013 that could be considered to be within the one year statute of limitations … neither of those letters provides any plausible support to Plaintiff's claim." Because Ms. Michalak had already addressed the fallacy of this position in her response brief, she did not seek leave to file a sur-reply.

In contrast, the Court dismissed Ms. Michalak's complaint on a ground not addressed by either party. The Court ruled that LVNV's dunning letters constituted a "continuing violation" of the FDCPA, with each new communication being a repetition of an old claim. As such, the Court ruled, the statute of limitations had run against Ms. Michalak's claim – although the Court gave no indication as to what date her claim had accrued to begin the running of the statute.

---

[1] Moreover, it is plain from the face of the Complaint that Ms. Michalak never sought liability for LVNV's conduct occurring outside the FDCPA's one-year statute of limitations. Paragraph 18 of the Complaint explicitly makes clear that Ms. Michalak only sought liability based on dunning letters sent "by LVNV for amounts to which LVNV has not right in contract or law, **for the one-year period preceding the date of filing** of this complaint until the date of judgment hereof." [Emphasis added.] In her statement of facts, Ms. Michalak averred that LVNV *began* sending dunning letters at an earlier point in time only to establish the context of her claim.

Because this decision conflicts with the precedent of this Circuit, as well as the very cases this Court itself cited, Ms. Michalak respectfully requests that the Court reconsider its ruling.

## ARGUMENT

Civ. R. 59(e) is an efficient mechanism for a trial court to reconsider the validity of a judgment.  *See Clipper Exxpress v Rocky Mt. Motor Tariff Bureau,* 674 F.2d 1252 (CA9 1982), *ovrld* in part on other grounds by *Mayle v Felix,* 545 U.S. 644 (2005).

### A.  The Court's Decision Runs Counter to Sixth Circuit Precedent

The Court's ruling in this matter should be reconsidered and vacated, because it conflicts with the precedent of the Sixth Circuit.  In *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488, the Sixth Circuit unambiguously held that the one-year statute of limitations of the FDCPA begins to run anew with each discrete violation of the act.  *Purnell* addressed the issue of repeated reports of inaccurate information to the credit bureaus.  The Court ruled:

> The FDCPA is a broad statute aimed at eliminating the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692(a); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The statute provides that an action to enforce liability under the FDCPA may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The focus, as the district court observed, is on when the violation occurred. The district court seemed to conclude, at least initially, that the FDCPA claims alleging that the reports to Equifax after September 1, 2004, were not barred by the statute of limitations. Indeed, nothing in the order of dismissal expressed a retreat from or reconsideration of that view.
>
> Similarly, several other district courts have held that the plaintiff's FDCPA claims were not time barred to the extent that they alleged a discrete violation of the FDCPA within the limitations period. *Accord McCorriston v. L.W.T., Inc*., 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008); *Kaplan v. Assetcare, Inc*., 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000); *Pittman v. J.J. MacIntyre Co*., 969 F. Supp. 609, 611 (D. Nev. 1997). **As the court in McCorriston explained, the fact "[t]hat Defendants sent a dunning letter outside the limitations period does not render Plaintiff's FDCPA claim time-barred, where, as here, Plaintiff has alleged a discrete violation within the limitations period." 536 F. Supp. 2d at 1272; see also *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (holding claim time barred because it was "not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred").**

> This court has not addressed this precise issue, but these decisions are consistent with the principles articulated in assessing the timeliness of Title VII claims, which require that a charge be brought within a specified period after the alleged unlawful practice occurred. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007)….
>
> [emphasis added]

As a result, *Purnell* held that the plaintiff's claims for FDCPA violations were not time-barred, despite the alleged misconduct being a substantive repetition of previously time-barred unlawful acts. Moreover, *Purnell* **specifically noted** that individual dunning letters in a series of such letters constitute discrete, actionable, FDCPA violations. This ruling has been consistently maintained throughout the Sixth Circuit and followed in many other Circuits. For example, in *Craig v. Meyers* 2009 U.S. Dist. LEXIS 96919 (S.D.O.H.), the court cited *Purnell* and held, "the issue of whether the statute of limitations will be refreshed for a FDCPA claim hinges entirely on what the court considers a 'discrete violation' of the FDCPA. Defendants argue that if the same information from a previous violation is included in a subsequent debt collection activity, it is not a separate violation. This reasoning is flawed because the Sixth Circuit has not construed the limitations period so narrowly."[2]

Following the controlling precedent of *Purnell*, "to the extent that [Ms. Michalak] can prove" discrete unlawful dunning letters were sent to her "within the limitations period, they are not time-barred." In her Complaint, paragraphs 9-12, Ms. Michalak states that LVNV sent her multiple *discrete letters* – **each one** claiming that she owed a **different** amount of money, **each**

---

[2] According to a search of Lexis, *Purnell* has been cited in 38 court decisions. It is followed throughout the 6th Circuit, as well as by the 4th, 5th, 8th, 10, and 11th Circuits. Generally, as in the cases cited in the Court's opinion, discussed *infra*, the only time repeated violations are not found to have their own statute of limitations is in the context of litigation, where pleadings repeat prior misrepresentations made by debt collectors.

claiming an amount that was **erratic and arbitrary**, and **each** claiming an amount that was **unauthorized in contract or law**. Hence, Ms. Michalak averred that the content of each dunning letter was different and independent. Thus, each letter was not simply a repetition of an old claim, but an independent violation of the FDCPA under 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1). Moreover, Ms. Michalak explicitly only sought relief for the letters that LVNV sent within the one-year of filing the Complaint. (Complaint ¶ 18).

Clearly, LVNV, itself, understood Ms. Michalak to allege liability based on a series of discrete letters, each one constituting an independent violation of the FDCPA. This is why LVNV went out of its way to make a *factual* argument alleging that the differences in the dunned amounts could be explained, in some unspecified manner, as interest calculations. LVNV did not argue that the Ms. Michalak was averring a continuous violation, but simply made the *factual* argument that Ms. Michalak could not "state a plausible cause of action" based on the discrete letters from within the limitation period – a factual point obviously contended by Ms. Michalak based on the erratic content of the letters.

Based on the foregoing, Ms. Michalak clearly pleaded that LVNV sent unlawful dunning letters within the FDCPA's one-year statute of limitation. Therefore, she asks this Court to reconsider (and vacate) its ruling in light of the cited Sixth Circuit precedent.

**B. The Cases Cited by the Court Do Not Support the Dismissal of this Action**

Beyond *Purnell*, the very cases cited by the Court in its opinion compel a reconsideration of the Court's order:

The Court first cited to *Ellis v. Gen. Rev. Corp*. 274 F.R.D. 53 (D.Conn. 2011), which is virtually on-all-fours with the case at bar. In that case, the defendant debt collector sent a series of dunning letters to the plaintiffs, each containing the same language misrepresenting the

parameters of a federal rehabilitation program.  The court held that each discrete letter independently violated the FDCPA and was subject to its own one-year statute of limitations.  Similarly, Ms. Michalak has averred that each of LVNV's letters unlawfully dunned her for a different amount.  Thus, each letter is subject to its own one-year statute of limitations.  Consequently, as LVNV sent dunning letters within the year that preceded the filing of the Complaint, Ms. Michalak's claim is timely.

In *Parker v. Pressler & Pressler LLP*, 650 F. Supp.2d 326 (D.N.J. 2009), the court did not deal with an issue similar to the one at bar.  The plaintiff's claim related to defendant's failure to provide her with legally-required notices pursuant to 15 U.S.C. 1692g; and most importantly, the *plaintiff conceded that the claim was filed beyond the one-year statute of limitations*.  Nonetheless, the plaintiff asked the court to toll the running of the limitations statute, but the court refused to do so finding that the defendant had not engaged in any deceptive conduct that would have prevented plaintiff from timely filing her FDCPA claim.  This case is wholly inapplicable to Ms. Michalak's case, because unlike the defendant in *Parker*, LVNV sent dunning letters **well-within the one-year limitations period.**

The next case cited by the Court, *Nutter v. Messerli & Kramer*, P.A., 500 F.Supp.2d 1219 (D.Minn. 2007), concerned the issue of whether allegations made ***in the course of a lawsuit***, which were merely repetitions of previous statements made in the course of debt collection, were new or old statements for the purpose of the statute of limitations.  So again, this case is not applicable to the case a bar.  *Nutter* did not deal with dunning letters or other non-litigation conduct of a debt collector, which is a distinction specifically noted as significant in other cases cited by this Court.  *See Ellis, supra*; *see also Sierra v. Foster & Garbus*, 4 F.Supp.2d 393 (S.D.N.Y. 1999) cited below and cited above, as well, in the quote from *Purnell*.  Because Ms.

Michalak's claim relates to discrete dunning letters, and not statements made during litigation, LVNV's motion should have been denied.

The Court also cited to *Wilhelm v. Credico, Inc*., 455 F.Supp.2d 1006 (D.N.D 2006), but unfortunately did not cite to the opinion on appeal, *Wilhelm v. Credico, Inc*., 519 F.3d 416 (C.A.8 2007).  The cited district court case dealt with a debt collector reporting inaccurate information to a credit-reporting agency.  The district court held that the statute of limitations for these claims accrues when the debtor learns of the inaccurate report.  *Wilhelm*, 455 F.Supp.2d at 1009.  In doing so, the district court rejected a legal argument based on "serial violations," but the applicability of that theory was not clear from the opinion.  In any event, on appeal, the court of appeals noted that there was no evidence of the collector making an inaccurate report within the limitations period, and the court of appeals rejected the contention that a collector had an affirmative duty to report an account as disputed.  *Wilhelm*, 519 F.3d at 418. The clear implication of this ruling was that had the collector repeated an inaccurate report to the credit bureaus, that conduct would have been actionable and subject to its own limitations period.  This is the opposite of the conclusion of the district court!  It is also a conclusion, which is consistent with the Sixth Circuit in *Purnell* and supports a reversal of the Court's ruling in this matter.

Similarly, *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393 (S.D.N.Y. 1999) supports a rejection of the Court's ruling in the case at bar.  Although that court dismissed the plaintiff's claims on statute of limitations grounds, it emphatically stated:  "This is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred."  Accordingly, since Ms. Michalak's case is one where LVNV "sent a series of threatening letters," some within the time period and some without, the court in *Sierra* would have denied LVNV's motion to dismiss.

Finally, *Campos v. Brooksbank*, 120 F.Supp.2d 1271 (D.N.M 2000), further supports a rejection of LVNV's motion to dismiss.  In that case, the court held that misrepresentations made in the course of litigation are discrete acts in violation of the FDCPA and do not relate back to the original violation of the FDCPA as a continuous violation of the law.  All the more so here, each letter sent by LVNV to Ms. Michalak was a discrete violation, containing a new misrepresentation of a different amount of money that Ms. Michalak allegedly owed, to which LVNV had no entitlement in violation of the FDCPA.  Following *Campos*, then, this Court should have denied LVNV's motion.

## CONCLUSION

WHERFORE, Ms. Michalak respectively requests that this Honorable Court reconsider its granting of LVNV's motion, vacate that judgment, and reinstate this action, thus requiring LVNV to file a responsive answer thereto.

Respectfully submitted,

/s/  Lewis A. Zipkin_____
Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

## **CERTIFICATE OF SERVICE**

Notice of this filing will be sent to parties by operation of the Court's ECF electronic filing system.

        Respectfully submitted,

        s/ Michael L. Fine_____
        Michael L. Fine (0077131)